THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ARMANDO DELGADO VEGA, Defendant and Appellant.

No. CR-63-31.      Decided June 21, 1963.

---

*Víctor Velasco Gordils* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: While a state policeman was making the rounds through the streets of old San Juan, he saw a person bent over another one who was sitting on the sidewalk and leaning against the wall of a building introduce his hand in the latter's pocket. The aggrieved party was half-asleep. When the latter realized what had happened he said that the money he had in his pocket had been taken. The policeman arrested the other one and seized 41¢ which he had in his hands. He took both to the examining magistrate. Information for grand larceny was filed. Sections 426 and 428 of the Penal Code, 33 L.P.R.A. §§ 1681 and 1683.

The jury convicted the accused. The only evidence that the jury had was the policeman's testimony previously narrated. The defense did not introduce any evidence.

■ The policeman testified that "the judge charged him with grand larceny and when we came out this man threatened Vergara [*sic*], [the victim] with the warning that he was used to going to prison." As soon as he heard the expression the judge instructed the jury in the sense that "the ladies and gentlemen of the jury shall not consider it because it is immaterial." Thus any error that could have been committed was cured. *People* v. *Verdejo Meléndez, ante,* p. 202.

■ The prosecuting attorney asked the witness for the prosecution to show the manner in which the events had happened, to show the jury the position in which prejudiced and accused were. The defense maintains that this was improper for its was equivalent to performing "an experiment or reconstruction of the scene based on different circumstances as to how the events happened according to the testimony of the eyewitness."

The assignment of error is extremely frivolous. The only thing that the witness did was to show the jury graphically the position in which he saw the participants of the event that gave rise to the information. No experiment was performed.

■ The judge asked the witness, "You said that the aggrieved party woke up or opened his eyes and said, 'He took the money from my pocket'?" The witness answered "Yes, sir" and the judge asked, "What did the accused say then?" to which the witness answered, "He did not say anything. He gave me the money. That was all." He maintains that accused's silence was commented on. He relies on *People* v. *Alvarez,* 85 P.R.R. 569 (1962). The *Alvarez* case is different. There the judge instructed the jury thus:

"Normally the party himself makes an admission, but other times it may be made by silence, that is, that it is not the party who speaks but who adopts it, incorporates that feeling, statements of another party; he adopts that conduct. I will explain myself: a murder is being investigated, it is not known who killed the victim, I am called to investigate and I am at the office of the district attorney, I do not speak; attorney Franco Santiago then arrives and says to the district attorney: 'The death you are investigating, it was Idrach who killed him with one shot; Idrach killed him.' I am hearing that, I say nothing; the law says that that is an admission by silence. The law presumes that I should jump up and say: 'That is not true, I did not do it.' But if I remain silent, that is an admission by silence."

In this case there is no comment on the silence of the accused and the judge instructed the jury properly, saying:

"I must also tell you that accused has an inalienable right; every accused has it in a case of this nature, in every criminal case. This inalienable right, this privilege that accused has, is the right to abstain from testifying if he so wishes, or to testify if he should deem it necessary and pertinent. In this particular case accused Armando Delgado Vega has not testified. I warn the jury that you should not or cannot draw inferences of any sort from the mere fact that accused has not testified nor should you take that fact into consideration. The prosecuting attorney is the only one bound to prove, with his evidence, the guilt of the accused beyond reasonable doubt, without it being necessary for the defense to introduce evidence of any kind."

■ Defendant maintains that the verdict is contrary to the evidence. The evidence introduced before the jury establishes the commission of the offense charged.

The judgment appealed from will be affirmed.